UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW D. WALKER,

Petitioner,

v.

26-CV-6902-MAV
ORDER

NIAGARA COUNTY JAIL, and NIAGARA COUNTY COURT,

Respondents.

## INTRODUCTION

*Pro se* petitioner Matthew D. Walker, who is detained at the Niagara County Jail filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner claims that his arrest and pending state criminal charges are based on fabricated evidence and testimony.[1] Petitioner also filed a motion for leave to proceed *in forma pauperis*, ECF No. 2, and a motion for appointment of counsel, ECF No. 3.

Because Petitioner's motion to proceed *in forma pauperis* meets the requirements of 28 U.S.C. § 1915(a), the Court grants the motion.

The Court has reviewed the petition and concluded that Petitioner is not entitled to relief at this time. The petition is dismissed but with leave to amend

[1] The Court notes that Petitioner has filed a separate civil action, 26-cv-6177, that alleges claims related to his 2024 arrest. *See Walker v. Dean et al.*, Case No. 26-CV-6177-MAV, ECF No. 1 (W.D.N.Y. Feb. 9. 2026).

to demonstrate exhaustion of his state court remedies.

## BACKGROUND

Petitioner was arrested on November 19, 2024 on a gun possession charge. ECF No. 1 at 7, 29. Petitioner alleges he is being held unconstitutionally in pretrial detention based on fabricated evidence and a discovery violation. *Id.* at 2. Petitioner attaches to his petition copies of motions and decisions from his pending criminal case in Niagara County Court, as well as correspondence with state agencies and the Administrative Judge of the 8th Judicial District. *Id.* at 9–33.

Petitioner seeks "pre-trial release and any other relief" available. *Id.* at 7. A review of the records of the New York State Unified Court System confirms that Petitioner has a pending criminal case, *see* IND-70048-25/001, in Niagara County, as a result of his arrest on November 19, 2024. *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited Sept. 4, 2026).

## DISCUSSION

### I. <u>§ 2241 Petition</u>

28 U.S.C. § 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "When a petitioner brings a habeas petition [under section] 2241, the petitioner 'bears the burden of proving that

he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Dzhabrailov v. Decker*, No. 20-CV-3118 (PMH), 2020 WL 2731966, at *3 (S.D.N.Y. May 26, 2020) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)).

District courts have recognized some circumstances in which a state pretrial detainee may challenge the constitutionality of his detention in a petition for a writ of habeas corpus under 28 U.S.C.§ 2241. *Jones v. Walker*, No. 22-CV-0993 (LTS), 2022 WL 623584, at *2 (S.D.N.Y. Mar. 3, 2022); *Fredricks v. Hallett*, No. 21-CV-3690 (LTS), 2021 WL 2000074, at *2 (S.D.N.Y. May 17, 2021) (collecting cases). But before seeking such relief, a state pretrial detainee must first exhaust available state court remedies. *Fredricks*, 2021 WL 2000074, at *2 (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). "In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court." *Id.* (citing N.Y.C.P.L.R. § 7001, *et seq.*).

Petitioner purports to comply with the exhaustion requirement by detailing his submissions to the Administrative Judge of the 8th Judicial District, Amy Martoche, and the Office of the Inspector General. ECF No. 1 at 2–3; *id.* at 9–12 (copies of correspondence). Petitioner also requested, but was denied, bail in his underlying criminal case as recently as July 14, 2026. *Id.* at

5. Lastly, Petitioner includes copies of pretrial motions and decisions in his state criminal case, including denial of his motion to dismiss the indictment. *Id.* at 13–33.

These challenges do not show that Petitioner has fully exhausted his state-court remedies as required. While Petitioner has challenged his bail directly in Niagara County Court, there is no indication that he has appealed from that denial or any other decision by the state trial judge. *See, e.g.*, *Dawson v. Toulon*, No. 22-CV-6341(GRB), 2022 WL 17177839, at *2 (E.D.N.Y. Nov. 22, 2022) (dismissing § 2241 petition as unexhausted where the petitioner, a state pretrial detainee, had not appealed his constitutional claim to the highest state court having jurisdiction nor any other higher authority, agency, or court); *Uchemmadu v. Warden, Superintendent, NYC Dep't of Correction*, No. 25-CV-3345 (PKC), 2025 WL 2979562, at *2 (E.D.N.Y. Sept. 16, 2025) (dismissing petition where petitioner alleged that he pursued his state court remedies by raising his claims in motions before the state court but did not allege that he has appealed the denial of these motions all the way up to the New York Court of Appeals). Moreover, Petitioner's complaints to the Administrative Judge of the 8th Judicial District or the Office of the Inspector General do not qualify as exhausting his claims in the state courts.

If Petitioner wishes to proceed with a § 2241 petition, he must file an amended § 2241 petition that (1) identifies the grounds on which he seeks relief, and (2) pleads facts showing that he has fully exhausted his claims by

presenting the grounds for relief to the state courts. *See Fredricks*, 2021 WL 2000074, at *3; *Antrobus v. Warden of OBCC Rikers Island*, No. 24-CV-00155 (OEM), 2024 WL 554956, at *2 (E.D.N.Y. Feb. 12, 2024); *Mars v. Cort*, No. 23-CV-01810 (NRM), 2023 WL 3007169, at *2 (E.D.N.Y. Apr. 19, 2023).

**II. <u>Remaining Motions</u>**

Petitioner filed a motion for appointment of counsel. ECF No. 3. The Criminal Justice Act "provides in relevant part that '[w]henever the . . . court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.'" *Thomas v. Searls*, No. 20-CV-6362-FPG, 2021 WL 358129, at *3 (W.D.N.Y. Jan. 25, 2021) (quoting 18 U.S.C. § 3006A(a)(2)(B) and alterations in original). In assessing the interests of justice factor, courts in this Circuit have considered "the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." *McDonald v. Feeley*, 535 F. Supp. 3d 128, 141 (W.D.N.Y. 2021) (citation omitted).

Because the petition is dismissed for failure to exhaust, the Court does not find that the petitioner is likely to succeed on the merits or that the interests of justice requirement appointment at this time. The motion for appointment of counsel (ECF No. 3) is denied without prejudice to renewal.

**CONCLUSION**

For the reasons set forth above, the petition is dismissed without

prejudice because it is unexhausted. Petitioner is granted leave to file an amended petition within 30 days of the date of this order. Petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

**ORDER**

IT HEREBY IS ORDERED that Petitioner's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED; and it is further

ORDERED that Petitioner's motion for appointment of counsel, ECF No. 3, is DENIED without prejudice; and it is further

ORDERED that Petitioner's petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust; and it is further

ORDERED that no later than 30 days from the date of this Order, Petitioner may file an amended petition that: (1) identifies the grounds on which he seeks relief; and (2) pleads facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts; and it is further

ORDERED that the Clerk of Court is directed mail a copy of this Order and a blank § 2241 petition to Petitioner; and it is further

ORDERED that because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253; and it is further

ORDERED that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore

*in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962); and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 14, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge